IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


WILLIAM OELKE,

    Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION and
MICHAEL COTTON,

    Defendants.

Civil No. 04-6439-AA
OPINION AND ORDER

---

Suzanne B. Chanti
Walters Chanti & Zennaché, P.C.
245 East 4th Avenue
Eugene, Oregon 97401-2429
   Attorney for Plaintiff

Victor J. Kisch,
Laura Liebman-Alperson,
Tonkon Torp LLP
1600 Pioneer Tower
888 SW Fifth Ave
Portland, Oregon 97204-2099
   Attorneys for Defendants

AIKEN, Judge:

Plaintiff Oelke filed this action against Costco Corporation and Michael Cotton (defendants), seeking relief under the Family Medical Leave Act (FMLA), Oregon Family Medical Leave Act (OFLA), Americans with Disabilities Act (ADA), O.R.S. 659A.100 and a common law claim for wrongful discharge. Pursuant to Fed. R. Civ. P. 12(b)(6) defendants move to dismiss (1) plaintiff's wrongful discharge claim, (2) claims for consequential damages; and (3) the OFLA retaliation claim. Defendants' motions are granted in part and denied in part.

## BACKGROUND

Plaintiff William Oelke ("Oelke") asserts that his rights under the FMLA, OFLA, ADA, Oregon disability discrimination law and common law were violated while he was an employee of defendant Costco Corporation ("Costco").

Oelke was hired as a part time Front End Assistant by Costco in May 1997. He was terminated in February 2003. During this time, plaintiff suffered from chronic debilitating migraines, a chronic back condition, and a chronic condition known as irritable bowel syndrom. Plaintiff received continual medical treatment for these conditions. On an intermittent basis, Plaintiff's conditions prevented him from performing the essential functions of his job. Oelke informed defendants of his

health conditions and of any absences or limitations that resulted from his conditions.

As a result of his migraine episodes, plaintiff would call in sick. Plaintiff was reprimanded several times for his absences, despite his physician's note explaining his medical conditions and despite the fact that the absences qualified for family medical leave protection. Plaintiff alleges that his absences due to his medical condition resulted in mistreatment and were a negative factor in his job performance evaluation. Furthermore, plaintiff alleges his hours were cut drastically and he was suspended for exceeding Costco's absenteeism policy. Plaintiff was discharged on February 28, 2003. He was told his absences were the reason for his discharge.

## STANDARD

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiffs cam prove no set of facts in support of their claim that would entitle them to relief. <u>Litchfield v. Spielberg</u>, 736 F.2d 1352, 1357 (9th Cir. 1984), <u>cert</u>. <u>denied</u>, 470 U.S. 1052 (1985). For the purposes of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. <u>Rosen v. Walters</u>, 719 F.2d 1422, 1424 (9th Cir. 1983).

Page 3 - OPINION AND ORDER

**DISCUSSION**

Defendants seek to dismiss plaintiff's claim for wrongful discharge. "Oregon law permits a wrongful discharge claim by an employee who is terminated for pursuing a statutory right related to her role as an employee where the right is one of important public interest." Hand v. Fred Meyer, Inc., 1996 U.S. Dist. LEXIS 22648, 4 (D. Or. 1996). Defendants contend that the statutory remedies available to plaintiff under the FMLA, OFMA, ADA and O.R.S. 659A.100 supersede plaintiff's claim for wrongful discharge. I disagree.

Given the broad landscape of Oregon appellate cases on wrongful discharge, I find that the underlying purpose of that tort in this state is not to vindicate the individual interests of the employee by assuring that he or she receives the maximum possible recovery, but rather to protect important public policies by punishing conduct that thwarts those interests. Draper v. Astoria School District No. 1C, 995 F. Supp. 1122, 1130 (D. Or. 1998).

Moreover, given the purpose of a wrongful discharge claim, it can be concluded that a claim for common law wrongful discharge is unavailable in Oregon if (1) an existing remedy adequately protects the public interest in question; or (2) the legislature has intentionally abrogated the common law remedies by establishing an exclusive remedy. Draper, 995 F. Supp. at

Page 4 - OPINION AND ORDER

1130-1131.

The court is aware of case law holding that if statutory remedies are available to plaintiff, those remedies are adequate and supersede any wrongful discharge claim. The court also recognizes, however, case law holding that statutory remedies are inadequate and, therefore, they do not preclude a wrongful discharge claim. See Chestnut v. Fred Meyer Jewelry, Inc., 2004 U.S. Dist. LEXIS 17454 (D. Or. 2004); Hand, 1996 US Dist. LEXIS 22648. I find the latter line of cases persuasive. Under the ADA, punitive damages may not be awarded if the defendant demonstrates "good faith efforts...to identify and make a reasonable accommodation." 42 U.S.C. § 1981 a(a)(3). Furthermore, both compensatory and punitive damages in an ADA case are subject to the limitations set forth in 42 U.S.C. § 1981 a(a)(3), which caps those damages depending on the size of the employer. As the Hand court noted, compensatory damages are intended to make the plaintiff whole and capping those damages based on the size of the employer "does not necessarily permit an adequate recovery by the plaintiff." Hand, 1996 US Dist. LEXIS 22648 at 7 (internal citation omitted). As such, I find the statutory remedies available at law to be inadequate.

Additionally, when analyzing Oregon law, I find that the legislature has not intentionally abrogated the common law remedies by establishing an exclusive remedy. As stated in Hand,

Page 5 - OPINION AND ORDER

"Because Oregon courts will not read a limitation regarding the adequacy and exclusivity of a remedy into a statute 'without its containing a clear statement to that effect' remedies provided by Title VII cannot be regarded as having been intended to preempt remedies available under common law claim." Hand, 1996 US Dist. LEXIS 22648 at 4-6 (quoting McCool v. Hillhaven Corp., 97 Or. App. 536, 540, 777 P.2d 1013, rev. denied, 308 Or. 593, 784 P.2d 1100 (1989)). I agree and find that the Oregon legislature has not intentionally abrogated common law remedies. Therefore, defendants' motion to dismiss plaintiff's common law wrongful discharge claim is denied.

Defendants next seek to dismiss plaintiff's consequential damages claim. Plaintiff agrees that the FMLA and the OFLA does not provide recovery for consequential damages. Therefore, plaintiff's request for consequential damages for his FMLA and OFLA claims is stricken. Defendants' motion to dismiss plaintiff's claims for consequential damages is granted as to these claims only and denied as to all other claims.

Finally, defendants seek to dismiss plaintiff's retaliation claim under OFLA. In Yeager v. Providence Health System Oregon, Oregon law clearly asserts that "an employee may, under O.R.S. 659A. 882(1), bring an action for retaliation under OFLA." 195 Or. App. 134, 139, 96 P.3d 862 (2004). Therefore, defendants' motion to dismiss this claim is denied.

## CONCLUSION

Defendants Costco Corporation and Michael Cotton's motion to dismiss (doc. 6) is denied in part and granted in part as follows: defendants' motion to dismiss plaintiff's wrongful discharge claim is DENIED. Defendants' request to dismiss consequential damages for plaintiff's FMLA and OFLA claims is GRANTED. Defendants' motion to dismiss consequential damages for plaintiff's remaining claims (doc. 6) is DENIED, with leave to renew. Finally, defendants' motion to dismiss plaintiff's retaliation claim under the OFLA (doc. 6) is DENIED.
IT IS SO ORDERED.

Dated this __26__ of April 2005.


/s/ Ann Aiken
Ann Aiken
United States District Judge